E. MARTIN ESTRADA
United States Attorney
ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0306
     Facsimile: (213) 894-2927
     E-mail:    andrew.roach@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:23-CR-00042-CJC |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANASTASSIA KREZOUB, aka "Sylvia Kass," | |
| Defendant. | **CURRENT TRIAL DATE:** June 13, 2023 **PROPOSED TRIAL DATE:** May 28, 2024 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Andrew M. Roach, and defendant Anastassia Krezoub ("defendant"), both individually and by and through her counsel of record, Deputy Federal Public Defender Terra D. Castillo Laughton, hereby stipulate as follows:

1.    The Indictment in this case was filed on April 18, 2023. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 21, 2023.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 30, 2023.

2.    On April 21, 2023, the Court set a trial date of June 13, 2023, and a pretrial conference date for June 5, 2023, at 9:00 a.m.

3.    Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately four to five days.

4.    By this stipulation, defendant moves to continue the trial date to May 28, 2024 and the pretrial conference to May 20, 2024, at 9:00 a.m.  This is the first request for a continuance.

5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged with violations of 18 U.S.C. § 2261A(2)(B), 2261(b)(5) (Stalking) and 18 U.S.C. § 875(d) (Transmitting Interstate Communications with Intent to Extort).  The government is producing discovery to the defense, including approximately 7,000 pages of discovery, over a hundred recordings of defendant, and thousands of text messages spanning defendant's communications for over a year.

b.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that

failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c.    Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

d.    The government does not object to the continuance.

e.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 13, 2023 to May 28, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 11, 2023                    Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       ANNAMARTINE SALICK
                                       Assistant United States Attorney
                                       Chief, National Security Division

                                            */s/ Andrew M. Roach*
                                       ANDREW M. ROACH
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

Dated: May 11, 2023

                                         */s/ with email authorization*
                                       TERRA D. CASTILLO LAUGHTON
                                       Deputy Federal Public Defender

                                       Attorney for Defendant
                                       ANASTASSIA KREZOUB

4

**CERTIFICATION OF DEFENSE COUNSEL**

I am Anastassia Krezoub's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 28, 2024, is an informed and voluntary one.

___*/s/ with email authorization*___     ___May 11, 2023___
TERRA D. CASTILLO LAUGHTON          Date
Deputy Federal Public Defender

Attorney for Defendant
ANASTASSIA KREZOUB

5