UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANASTASSIA KREZOUB,<br><br>Defendant. | Case No.: SACR 23-00042-CJC<br><br>ORDER DENYING DEFENDANT ANASTASSIA KREZOUB'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT [Dkt. 33] |

I.  INTRODUCTION

In this case, Defendant Anastassia Krezoub is charged with one count of stalking in violation of 18 U.S.C. § 2261A(2)(B) and one count of extortion in violation of 18 U.S.C. § 875(d).  (*See* Dkt. 18.)  Now before the Court is Defendant's motion to dismiss

the stalking count of the indictment, bringing an as-applied challenge on First Amendment grounds.  (*See* Dkt. 33.)  For the following reasons, the motion is **DENIED**.[1]

## II. BACKGROUND

Defendant is alleged to have repeatedly harassed, threatened, and extorted a wealthy businessman from Southern California with whom she previously had some sort of romantic relationship.  Specifically, as alleged in the indictment:

- On November 29, 2021, Defendant texted the victim and demanded that he take her shopping.
- Between November 29, 2021 and December 11, 2021, Defendant sent the victim *hundreds* of harassing texts that disparaged the victim and other individuals.
- On December 12 and December 14, 2021, after the victim *told Defendant to stop contacting him*, Defendant started to send harassing texts to the Victim from *three different phone numbers*.
- On December 14, 2021, Defendant texted the victim, stating, "You think I make scandals to men who treat me properly?" and "I'll find your enemies and will be very friends with them."
- On December 16, 2021, Defendant filed a police report accusing the victim of taking photos of her without her consent.
- On March 23, 2022, Defendant filed a second police report accusing the victim of another crime.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Crim. P. 57(b).  Accordingly, the hearing set for November 28, 2023, at 1:00 p.m. is hereby vacated and off calendar.

- On June 29, 2022, Defendant texted the victim threats to injure another person and back-to-back text messages stating, "Get out of the building" and "Before it gets blown up LOL."
- On June 30, 2022, Defendant texted the victim, stating, "Only thing that excite me is kick your ASS . . . . Burn your house in [city]."
- On August 31, 2022, Defendant sent the victim's employer an email, titled "[Victim's first and last name] | SEXUAL ASSAULT BATTERY, solicitation, audio depositions," which contained screenshots of a police report Defendant filed against the victim.
- On September 11, 2022, Defendant sent the victim's employer an email, titled "[victim's first name] solicits to prostitution girls . . . . ," which contained screenshots of text messages between Defendant and the victim, a pornographic image of male genitalia, and a screenshot of a portion of the police report Defendant filed against the victim.
- On November 19, 2022, Defendant sent the victim's employer an email, titled "[victim's first name] LOVES ANAL AND ** POOP FETISHES," which included a pornographic image of two men engaging in sexual activity.
- On December 3, 2022, Defendant texted the victim a message threatening his reputation, stating, "All of you will be embarrassed on fucking National TV . . . . CNBC, CNN, Bloomberg, Yahoo TV."
- On January 12, 2023, Defendant sent the victim's employer an email, titled "[victim's first and last name] RAPED MY BRUTALLY."
- On January 25, 2023, Defendant texted the victim a message demanding that the victim buy her luxury items or else he would face a "sex scandal at your kids graduation."
- On February 8, 2023, Defendant texted the victim a message, stating, "Condo or I fuck up your life."

- On February 14, 2023, Defendant texted the victim a message, stating, "I want $1M minimum of gifts. Or i fuck the shit off you embarrassing the fuck out of your ass."
- On March 1, 2023, Defendant texted the victim a message, stating, "I want a condo. If I file a lawsuit against you, you will never work anywhere. . . . Not even McDonald's would hire you."
- On March 4, 2023, Defendant texted the victim a message, stating, "I'm better than a Porsche, give more. Spend more on me than on a car fucker. Or I fuck the shit out of your life. I'm not kidding you at all."
- On or about March 16, 2023, Defendant sent the victim a text message, stating, "You want another round of emails at [victim's employer]? . . . . How did it go at [victim's employer] when they received the emails? Would have LOVED to see your face."

(Dkt. 18 at 2–4.) Based on these allegations, the government charges that Defendant, "with the intent to harass and intimidate the Victim, used an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely email, interstate wires, and the Internet, to engage in a course of conduct . . . that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to the victim." (*Id.* at 1–2.) The government also charges that Defendant "knowingly and with the intent to extort money and other things of value from the Victim, transmitted in interstate commerce communications that contained a true threat to injure the reputation of the Victim and other individual, that is, [Defendant] threatened to distribute sensitive and harmful information about the Victim and other individuals, and [Defendant] threatened to accuse the Victim of a crime, if the Victim did not transfer money or other things of value to [Defendant]." (*Id.* at 5–6.)

## III. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." "Jurisdictional claims permitted under Rule 12(b) include allegations that the applicable statute is unconstitutional." *United States v. Kahlon*, 38 F.3d 467, 469 (9th Cir. 1994) (internal quotation marks and citation omitted). Generally, in ruling on a defendant's pretrial motion to dismiss, the Court "must presume the truth of the allegations in the charging instruments." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

## IV. DISCUSSION

Defendant brings an as applied First Amendment challenge to 18 U.S.C. § 2261A(2)(B), arguing the first count of the indictment "lists nineteen alleged statements by [Defendant]—specifically, text messages, emails, and police reports—comprising the statutorily required 'course of conduct' under Section 2261A(2)(B), all of which are protected speech." (Dkt. 33 at 3.) The Court disagrees.

As an initial matter, the indictment does far more than list 19 alleged statements as the basis for the required course of conduct.[2] It alleges that Defendant sent *hundreds* of

---

[2] The parties dispute whether the Court may consider evidence outside of the indictment. (*See* Dkt. 41 at 10; Dkt. 45 at 1–4.) The government urges the Court to look at additional messages between Defendant and the victim, while Defendant asserts the Court is limited only to the specific allegations in the indictment. Because "Count 1 as articulated in the indictment satisf[ies] the First Amendment," the Court need not resolve the issue of extrinsic evidence at this time. (*See* Dkt. 45 at 4 ["The question before this Court is straightforward: does Count 1 as articulated in the indictment satisfy the First Amendment?"].)

messages and continued to send messages *after* the victim asked Defendant to stop contacting him, in part by using three other phone numbers to continue to harass and extort the victim. Putting aside any of the communicative aspects of the messages, the frequency of the text messages alone could be considered "harassing due to their sheer number and frequency." *United States v. Osinger*, 753 F.3d 939, 954 (9th Cir. 2014) (Watford, J., concurring).

More importantly, Defendant's speech, as alleged in the indictment, lacks First Amendment protection because her alleged speech was integral to her alleged extortion of the victim. Speech integral to criminal conduct is not protected by the First Amendment. *Id.* at 946. Extortion is indisputably a crime (one charged in this case), and Defendant does not challenge the sufficiency of the extortion count, (*see* Dkt. 45 at 7 ["Ms. Krezoub's motion challenges only Count 1, not the extortion charged in Count 2."]).

Defendant argues against this conclusion by claiming "[t]his conflates the two counts charged in the indictment" and the "only authority on this point is an Eighth Circuit case decided after the defendant was convicted at trial of both extortion and stalking." (Dkt. 45 at 7 [referencing *United States v. Petrovic*, 701 F.3d 849 (8th Cir. 2012.) Defendant attempts to distinguish the Eighth Circuit case because Defendant "has not been convicted of extortion" and "while it may make sense to take a broad view of a case after trial, including considering all charges against a defendant, the same does not apply to a pre-trial motion to dismiss aimed at only a portion of the indictment." (*Id.* at 8.) Defendant's arguments are not persuasive.

First, at this early juncture, the fact that the government separately charged extortion does not impact the First Amendment analysis as to the stalking count. As alleged, Defendant's speech loses its First Amendment protection because it is speech integral to criminal conduct, namely, extortion. From there, the government is free to

allege that the course of conduct arising from the same speech is also stalking because it satisfies the necessary elements of that crime. Confirming the permissibility of relying on the crime of extortion as the basis to find speech integral to criminal conduct, the Ninth Circuit has specifically recognized "extortionate threats" as an example of criminal conduct sufficient for speech to lose First Amendment protection such that the speech may also be the basis for a stalking conviction. *Osinger*, 753 F.3d at 947.[3]

Second, contrary to Defendant's argument, there is no requirement in ruling on a motion to dismiss a count of the indictment that she be convicted of extortion before her speech can be deemed integral to that crime and therefore not subject to First Amendment protection. In *United States v. Hobgood*, the defendant argued that because "he was not charged with or *convicted* of extortion . . . it was improper for the district court to deem his speech integral to that crime." *United States v. Hobgood*, 868 F.3d 744, 747 (8th Cir. 2017) (emphasis added). The Eight Circuit disagreed, explaining that even though the defendant was not charged with or convicted of extortion, "[i]nsofar as the interstate stalking statute overlaps with the extortion statute, the court may consider that circumstance in determining whether the speech is protected." *Id.* at 747. If Defendant is ultimately convicted of stalking but *not* extortion, and "there is no other identified criminal conduct to which the jury could have found that [Defendant's] . . . communications were integral," then Defendant may re-raise her argument at the appropriate time.[4] *See United States v. Sryniawski*, 48 F.4th 583, 588 (8th Cir. 2022).

---

[3] While the stalking statute has been amended since *Osinger* was decided, the changes are not relevant to this analysis. *See United States v. Crawford*, 2023 WL 1099753, at *2 (W.D. Wash. Jan. 30, 2023) ("The Court acknowledges that 18 U.S.C. § 2261A(2)(B) has been amended since *Osinger* was decided. But the amendments do not add or change language pertaining to the acts proscribed by the statute. Therefore, *Osinger*'s holding that the statute targets conduct and not speech is binding. The Court therefore concludes that 18 U.S.C. § 2261A(2)(B) targets conduct and not speech.").

[4] Of course, were the jury to conclude Defendant made true threats during her alleged course of conduct underlying the stalking charge, the jury could still rightfully convict Defendant. *See United States v. Fleury*, 20 F.4th 1353, 1369–70 (11th Cir. 2021) (discussing stalking and true threat jury instruction). Depending on the context, a jury could arguably find that Defendant's alleged texts saying "Get out of the building" and "Before it gets blown up LOL" were true threats. *See United States v. Weiss*, 2021

Looking solely at the government's allegations, the alleged speech does not fall under the protections of the First Amendment. It was integral to Defendant's alleged extortion of the victim. The reach of the First Amendment is long, and the law is not always a model of clarity. But in this case, wherever the line may be, Defendant's alleged speech is clearly not protected by the First Amendment.

## V.   CONCLUSION

Defendant's motion to dismiss count one of the indictment is **DENIED**.

DATED:   November 20, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

WL 6116629, at *3 (9th Cir. Dec. 27, 2021) ("[A] reasonable jury could find that [the defendant's] message was a true threat and not entitled to First Amendment protection. Therefore, we reverse the district court's dismissal of the indictment and remand for further proceedings."). This is particularly true in light of the additional evidence submitted by the government, which includes very specific, graphic threats aimed at the victim and his family. (*See* Dkt. at 20 [collecting evidence].)